IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:24-cr-34 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Melissa Kelley, | : | **ENDS OF JUSTICE ORDER** |
| | : | |
| Defendant. | : | |

Defendant is charged with three counts of wire fraud, ten counts of aiding or assisting in the preparation of a false tax return, and three counts of aggravated identity theft. (Doc. 1.) The Court held a status conference in this case on September 24, 2024. Defendant requested an additional 45-day continuance at the status conference, which the Government did not oppose.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by . . . [continuing the trial] outweigh the best interests of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant [such] a continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a continuance . . . would deny the defendant . . . continuity of counsel, or . . . would deny counsel

for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The Court is satisfied that counsel are exercising due diligence in this matter. Counsel have begun plea negotiations. However, defense counsel has been informed that Defendant might seek to engage the services of a second defense attorney. A continuance must be granted to give Defendant time to make that decision, and after it is made, to complete plea negotiations. However, the Court will not grant further continuances. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant to a speedy trial.

A continuance of 45 days is **GRANTED**. The Court **SETS** this matter for a status conference on **Tuesday, November 5, 2024 at 2:00 p.m.** The days from September 24, 2024 to November 5, 2024 shall be excluded from the speedy trial calculation.

**IT IS SO ORDERED**.

S/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court