IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:24-cr-34 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Melissa Kelley, | : | **ENDS OF JUSTICE ORDER** |
| | : | |
| Defendant. | : | |

Defendant Melissa Kelley is charged with three counts of wire fraud, ten counts of aiding

or assisting in the preparation of a false tax return, and three counts of aggravated identity theft.

(Doc. 1.)  The Court held status conference on February 25, 2025.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty

plea, trial "shall commence within seventy days from the filing date (and making public) of the

information or indictment, or from the date the defendant has appeared before a judicial officer

of the court in which such charge is pending, whichever date last occurs." 18 U.S.C.

§ 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is

excludable from the speedy trial clock if the court finds that "the ends of justice served by . . .

[continuing the trial] outweigh the best interests of the public and the defendant in a speedy

trial." A court is to consider a number of factors in "determining whether to grant [such] a

continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance

. . . would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a

continuance . . . would deny the defendant . . . continuity of counsel, or . . . would deny counsel

for the defendant . . . the reasonable time necessary for effective preparation, taking into account

the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The Court is satisfied that counsel are exercising due diligence in this matter. However, the parties have made the Court aware of a potential conflict of interest concerning one of Defendant Kelley's attorneys. Uncertainty concerning the participation of the attorney is hindering plea negotiations in this case. The Government made an oral motion for the determination of counsel at the February 25, 2025 status conference. A hearing is necessary to determine whether both defense attorneys should proceed with their representation of Defendant Kelley. The Court finds pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv) that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant Kelley to a speedy trial.

The Court sets this case for a hearing on Tuesday, April 22, 2025 at 11:00 a.m. on the oral motion for determination of counsel. Defendant Kelley and Attorneys Brandon Moermond and Clyde Bennett, II must attend the hearing in person. The Government attorneys also must attend in person. The dates from February 25, 2025 to April 22, 2025 are excluded from the Speedy Trial calculation.

**IT IS SO ORDERED**.

Judge Susan J. Dlott
United States District Court